CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Hilton Grand Vacations Inc.,** a Delaware Corporation, | |
| Defendants. | |

Plaintiff Chris Langer ("Plaintiff") complains of Hilton Grand Vacations Inc., a Delaware Corporation ("Defendant"), and alleges as follows:

**PARTIES:**

1.   Plaintiff is a disabled individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff suffers from Delayed Endolymphatic Hydrops (DEH) which has caused permanent partial hearing loss. He utilizes a variety of assistive listening devices in his day to day life, including hearing aids and headphones to compensate, though this still does not enable him to receive complete aural communication. When consuming audio content such as movies or tutorials on the internet he turns on closed captioning in order to comprehend all of the content. Plaintiff is a

Complaint

1    California resident.

2    2.   Defendant Hilton Grand Vacations Inc. ("Hilton Grand Vacations")

3    owned or operated Hilton Grand Vacations located throughout California,

4    including resort in San Francisco County in February 2021.

5    3.   Defendant Hilton Grand Vacations Inc. ("Hilton Grand Vacations")

6    owns or operates Hilton Grand Vacations located throughout California,

7    including resort in San Francisco County currently.

8    4.   Defendant Hilton Grand Vacations Inc. owns the Hilton Grand

9    Vacations website, with a root domain of: hiltongrandvacations.com, and all

10   related domains, sub-domains and/or content contained within it,

11   ("Website") in February 2021.

12   5.   Defendant Hilton Grand Vacations Inc. owns the Website currently.

13   6.   Upon information and belief, Defendant Hilton Grand Vacations Inc.

14   owned or operated its Youtube channel in February 2021.

15   7.   Upon information and belief, Defendant Hilton Grand Vacations Inc.

16   owns or operates its Youtube channel in February 2021.

17   8.   Plaintiff does not know the true names of Defendants, their business

18   capacities, their ownership connection to the property and business, or their

19   relative responsibilities in causing the access violations herein complained of,

20   and alleges a joint venture and common enterprise by all such Defendants.

21   Plaintiff is informed and believes that each of the Defendants herein, is

22   responsible in some capacity for the events herein alleged or is a necessary

23   party for obtaining appropriate relief. Plaintiff will seek leave to amend when

24   the true names, capacities, connections, and responsibilities of the Defendants

25   are ascertained.

26   **JURISDICTION & VENUE:**

27   9.   The Court has subject matter jurisdiction over the action pursuant to 28

28   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

Complaint

Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

10. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are formed from the same case and/or controversy and are related to Plaintiff's ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant is subject to personal jurisdiction in this District due to its business contacts with the District.

**FACTUAL ALLEGATIONS:**

12. Plaintiff suffers from hearing loss and is a member of a protected class under the ADA.

13. Plaintiff relies on subtitles and closed captioning to hear audio in recorded content.

14. Hilton Grand Vacations operates "brick and mortar" facilities throughout California, open to the public, places of public accommodation, and business establishments.

15. Hilton Grand Vacations offers videos on its Website to induce customers to purchase its goods and to provide ideas on how to best use them. Websites and videos are some of the facilities, privileges, or advantages offered by Defendants to patrons of Hilton Grand Vacations.

16. Plaintiff was a prospective customer who wished to access Defendant's goods and services.

17. While sitting bodily in California, Plaintiff visited the Website in February 2021 to look for information about the company and its products.

18. When Plaintiff attempted to view video content on the Website, he discovered that the videos lacked closed captioning, which made him unable to fully understand and consume the contents of the videos.

19. Plaintiff experienced difficulty and discomfort in attempting to view

Complaint

videos including: "Travel Safely With Hilton Grand Vacations from Check-In to Check-Out". As a result of this inaccessibility he was deterred from further use of the Website.

20. Currently, the Defendants either fail to provide an accessible website or Defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

21. Despite multiple attempts to access the Website using Plaintiff's computer, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers.

22. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

23. By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

24. Plaintiff has been deterred from returning to the website as a result of these prior experiences.

25. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

26. If the Website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and avail himself of its goods and/or services.

27. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that Hilton Grand Vacations and Website are accessible.

28. Plaintiff is currently deterred from doing so because of Plaintiff's

Complaint

1 knowledge of the existing barriers and uncertainty about the existence of yet
2 other barriers on the Website. If the barriers are not removed, Plaintiff will
3 face unlawful and discriminatory barriers again.

4     29. The barriers identified above violate easily accessible, well-established
5 industry standard guidelines for making digital content accessible to people
6 with hearing-impairments to access websites. Given the prevalence of
7 websites that have implemented these standards and created accessible digital
8 content, it is readily achievable to construct an accessible website without
9 undue burden on Hilton Grand Vacations or a fundamental alteration of the
10 purpose of the Website.

11     30. Compliance with W3C Web Content Accessibility Guidelines
12 ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a
13 standard that has been adopted by California courts for website accessibility.

14     31. It's been established that failure to remove inaccessible website
15 conditions violates the ADA and California law and requiring compliance with
16 industry access standards is a remedy available to the plaintiff.

17     32. The website content was intentionally designed, and based on
18 information and belief, it is the Defendants', policy and practice to deny
19 Plaintiff access to the website, and as a result, deny the goods and services that
20 are otherwise available to patrons of Hilton Grand Vacations.

21     33. Due to the failure to construct and operate the website in line with
22 industry standards, Plaintiff has been denied equal access to Defendant's
23 stores and the various goods, services, privileges, opportunities and benefits
24 offered to the public by Hilton Grand Vacations.

25     34. Closed captioning can be provided at little cost, sometimes free or mere
26 dollars per minute of video content.

27     35. Closed captioning is supported by numerous third party hosting
28 companies, including the one chosen by Defendants, and can be provided at

Complaint

1    little cost, sometimes free or mere dollars per minute of video content.

2    36. Given the nature of the barriers and violations alleged herein, the

3    plaintiff alleges, on information and belief, that there are other violations and

4    barriers on the Website that relate to his disability. In addition to the barriers

5    he personally encountered, Plaintiff intends to seek removal of all barriers on

6    the Website that relate to his disability. See *Doran v. 7-Eleven* (9th Cir. 2008)

7    524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can

8    sue to have all barriers that relate to their disability removed regardless of

9    whether they personally encountered the barrier).

10   37. Plaintiff will amend the complaint, to provide further notice regarding

11   the scope of the additional demanded remediation in the event additional

12   barriers are uncovered through discovery. However, please be on notice that

13   the plaintiff seeks to have all barriers related to his disability remedied.

14

15   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

16   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

17   Defendants.) (42 U.S.C. section 12101, et seq.)

18   38. Plaintiff re-pleads and incorporates by reference, as if fully set forth

19   again herein, the allegations contained in all prior paragraphs of this

20   complaint.  Defendant is a public accommodation with the definition of Title

21   III of the ADA, 42 USC § 12181.

22   39. The website provided by the Defendant is a service, privilege or

23   advantage of Hilton Grand Vacations' brick and mortar facility.

24   40. When a business provides services such as a website, it must provide an

25   accessible website.

26   41. Here, access to an accessible website has not been provided.  A failure to

27   provide an accessible website is unlawful discrimination against persons with

28   disabilities.

42. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

43. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

44. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

46. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  *Cal. Civ. Code* § 51(f).

47. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

Complaint

rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* § 55.56(a)-(c).

49. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to Defendants' failures to take action to ensure that its websites were fully accessible to and independently usable by hearing-impaired individuals, including providing closed-captioning on all video content containing audio elements.

2. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violating the ADA with respect to its website.

3. Damages under the Unruh Civil Rights Act § 51[1], which provides for actual damages and a statutory minimum of $4,000 for each offense.

4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and *Cal. Civ. Code* § 52.

---

[1] Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

8

Complaint

Dated: February 16, 2021          CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for Plaintiff

9

Complaint